**RECORD NO. 17-4621**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

BENJAMIN FAULKNER,

*Defendant-Appellant.*

───────────────

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT RICHMOND

───────────────

**OPENING BRIEF OF APPELLANT
BENJAMIN FAULKNER**

───────────────

Donna L. Biderman
LAW OFFICE OF
  DONNA L. BIDERMAN, PLLC
4015 Chain Bridge Road
Suite 32
Fairfax, VA 22030
703-966-5434
dbiderman@bidermanlaw.com

*Counsel for Appellant*

───────────────

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................... iii

NATURE OF THE BRIEF ..................................................................1

STATEMENT OF JURISDICTION.....................................................1

STATEMENT OF THE ISSUES..........................................................2

STATEMENT OF THE CASE..............................................................2

STATEMENT OF FACTS .....................................................................3

      The Charges and the Plea Agreement........................................3

      Mr. Faulkner's Guilty Plea .......................................................4

      The Plea Hearing ......................................................................5

      The Presentence Report and the Sentencing Hearing ..................9

SUMMARY OF ARGUMENT ...........................................................11

ARGUMENT ......................................................................................12

I.     MR. FAULKNER'S WAIVER OF APPEAL OF HIS SENTENCE IS
       NOT VALID.................................................................................12

      A. Standard of Review ............................................................12

      B. Argument .............................................................................12

II.    MR. FAULKNER MISUNDSTOOD THE WAIVER IN LIGHT OF
       THE DISTRICT COURT'S STATEMENTS .........................................14

      A.  Standard of Review ............................................................14

      B.  Argument .............................................................................15

III.   THE SENTENCE IMPOSED UPON BENJAMIN FAULKNER WAS
       UNREASONABLE ....................................................................16

       A.  Standard of Review ............................................................16

       B.  Argument ...........................................................................16

CONCLUSION .................................................................................18

STATEMENT REGARDING ORAL ARGUMENT ......................................19

CERTIFICATE OF COMPLIANCE......................................................19

CERTIFICATE OF SERVICE ...........................................................20

# TABLE OF AUTHORITIES

## CASES

*Anders v. California*,
    386 U.S. 738 (1967)...............................................................................1, 11, 18

*Johnson v. Zerbst*,
    304 U.S. 458 (1938)........................................................................................12

*United States v. Blick*,
    408 F.3d 162 (4th Cir. 2005) .........................................................................13

*United States v. Booker*,
    543 U.S. 220 (2005).......................................................................................16

*United States v. Broughton-Jones*,
    71 F.3d 1143 (4th Cir. 1995) ...................................................................12, 13

*United States v. Brown*,
    232 F.3d 399 (4th Cir. 2000) .........................................................................12

*United States v. Cohen*,
    459 F.3d 490 (4th Cir. 2006) .........................................................................12

*United States v. Davis,*
    954 F.2d 182 (4th Cir. 1992) .........................................................................13

*United States v. General*,
    278 F.3d 389 (4th Cir. 2002) ...................................................................12, 13

*United States v. Hughes*,
    401 F.3d 540 (4th Cir. 2005) .........................................................................16

*United States v. Johnson*,
    445 F.3d 339 (4th Cir. 2006) ...................................................................16, 17

*United States v. Manigan*,
    592 F.3d 621 (4th Cir. 2010) .........................................................................12

*United States v. Martinez*,
    277 F.3d 517 (4th Cir 2002) ...........................................................14

*United States v. Montes-Pineda*,
    445 F.3d 375 (4th Cir. 2006) .....................................................16, 17

*United States v. Olano*,
    507 U.S. 725 (1993)........................................................................15

*United States v. Vonn*,
    535 U.S. 55 (2002)..........................................................................14

*United States v. Wessells*,
    936 F.2d 165 (4th Cir. 1991) ........................................................12

*United States v. Wiggins*,
    905 F.2d 51 (4th Cir. 1990) ..........................................................12

## STATUTES & RULES

18 U.S.C. § 2241(c) ............................................................................2, 3
18 U.S.C. § 2246(2) ...............................................................................3
18 U.S.C. § 3013 ....................................................................................4
18 U.S.C. § 3014 ....................................................................................4
18 U.S.C. § 3231 ....................................................................................1
18 U.S.C. § 3553 ..............................................................................5, 10
18 U.S.C. § 3553(a) .............................................................................17
18 U.S.C. § 3553(a)(2) .........................................................................17
18 U.S.C. § 3742 ...............................................................................2, 4
18 U.S.C. § 3742(b) ...............................................................................4
28 U.S.C. § 1291 ....................................................................................2

Fed. R. App. P. 4(b)(1), (b)(6) ...............................................................1
Fed. R. Crim. P. 32(i)(1)(A),(C) ..........................................................16
Fed. R. Crim. P. 32(i)(3) ......................................................................17
Fed. R. Crim. P. 32 (i)(4)(A) ...............................................................17

## NATURE OF THE BRIEF

This brief is submitted to the Court pursuant to the holding of *Anders v. California,* 386 U.S. 738 (1967). Counsel for the appellant has carefully reviewed the record and has not found any grounds for appeal which she perceives to be meritorious. Counsel has set forth below the only arguments which she believes present any arguable basis for relief, and the factual basis supporting the arguments. Should the Court, after its own review of the record, determine that briefing on additional issues is necessary, counsel stands ready to provide that briefing.

Counsel has advised the appellant in writing of the nature of this brief and has informed him that the Court will give him the opportunity to file his own brief, as indicated by the statement submitted separately. Counsel has also served a copy of this brief upon the appellant, as indicated in the certificate of service for the brief and in the statement.

## STATEMENT OF JURISDICTION

The district court had jurisdiction over this federal criminal case pursuant to 18 U.S.C. § 3231. That court entered the judgment of conviction and sentence on September 15, 2017. DE 70. Benjamin Faulkner timely filed his notice of appeal on September 29, 2017. DE 63; *see* Fed. R. App. P. 4(b)(1), (b)(6). Therefore, this

Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STATEMENT OF THE ISSUES

I.    Did Benjamin Faulkner knowingly and intelligently waive his right to appeal his sentence?

II.   Is Benjamin Faulkner's plea valid where the district court failed to inform him of the fact that he could present evidence and witnesses should he proceed to trial, and he is not a U.S. citizen?

III.  Is Benjamin Faulkner's plea valid where the district court failed to mention the appeal waiver at his sentencing hearing, and instead only informed him of his right to appeal?

IV.   Is Benjamin Faulkner's sentence valid where the district court sentenced him to a life sentence?

## STATEMENT OF THE CASE

Benjamin Faulkner was charged by information in the Eastern District of Virginia with one count of Aggravated Sexual Abuse of a person who had not yet attained the age of 12 years, in violation of U.S.C. § 18:2241(c). In exchange for the guilty plea, the government agreed to recommend not more than fifty (50)

years, which non-binding recommendation is included in the plea agreement. The agreement also contained a waiver of appeal of the sentence.

Mr. Faulkner pled guilty before the Honorable John A. Gibney, Jr., on May 17, 2017. Per their agreement, the government requested a sentence of fifty (50) years and the defense requested a sentence of thirty (30) years. Rejecting both requests, the court sentenced Mr. Faulkner on September 15, 2017, to a life sentence. The court entered the written judgment on September 19, 2017, and Mr. Faulkner noted his appeal ten days later, on September 29, 2017. DE 61, 63.


## STATEMENT OF FACTS

### The Charges and the Plea Agreement

Mr. Faulkner waived indictment on May 17, 2017, and proceeded to plead guilty the same day to the one-count information. That count alleged that on or about September 30, 2016, in the Eastern District of Virginia and elsewhere, Mr. Faulkner violated U.S.C. § 18:2241(c) in that he "did cross a State line with intent to engage in a sexual act, as defined in 18 U.S.C. § 2246(2), with a person who has not attained the age of 12 years."

The plea agreement stated the penalties for violating § 2241(c),[1] stated that Mr. Faulkner was giving up his appeal rights, and spelled out the trial rights which he would be giving up should he plead.

<u>Mr. Faulkner's Guilty Plea</u>

Mr. Faulkner pled guilty pursuant to a written agreement to the only count of the indictment. The count carried a thirty-year mandatory minimum sentence, and a statutory maximum of life imprisonment. In his plea agreement, Mr. Faulkner agreed to waive his right to appeal his conviction and sentence:

> The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b)….

DE 48 at 3.

Mr. Faulkner's signature appears under a provision on the final page of the agreement stating that:

---

[1] The maximum penalties for this offense, stated in paragraph one (1) of the plea agreement, are a mandatory minimum term of imprisonment of thirty (30) years, a maximum term of life imprisonment, a fine of $25,000, full restitution, special assessments pursuant to 18 U.S.C. § 3013 and 3014, and a supervised release term of not less than five years or life.

> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

DE 48 at 10. Mr. Faulkner's counsel signed a similar statement:

> I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

DE 48 at 10. The parties did not, however, mark each individual page of the plea agreement with their initials to indicate their review and agreement.

The Plea Hearing

At the plea hearing, the judge placed Mr. Faulkner under oath and advised him that any untruthful answers to the court's questions could result in a prosecution for perjury. (Plea Tr. at 5-6.) The court then ascertained Mr. Faulkner's age (25 years old), citizenship (Canadian), fluency in English (able to read, write, speak and understand English), and level of education (equivalent to a U.S. master's degree in computer security from Georgian College in Canada). (Plea Tr. at 5.) The court explained to Mr. Faulkner that anything that he said could be used against him in later criminal or civil proceedings. (Plea Tr. at 6-7.) The

court did not ask Mr. Faulkner whether he was then under the influence of alcohol or any drugs. (*See* Plea Tr. at 8-10.) The court established that Mr. Faulkner had attempted to commit suicide by hanging himself with a sheet. (Plea Tr. at 8.) Mr. Faulkner testified that at first the doctors thought he had suffered brain damage as a result, but then decided he had not. (Plea Tr. at 9.) The court checked with trial counsel, who stated that he believed Mr. Faulkner was competent and could understand the proceedings. (Plea Tr. at 10.)

Next the court explained the concepts of indictment and information, and that Mr. Faulkner had an absolute right to have his case submitted to a grand jury. (Plea Tr. at 11.) The court noted that Mr. Faulkner had waived his right to indictment, and confirmed that with Mr. Faulkner. (Plea Tr. at 11-12.) The court accepted the waiver form and signed it. (Plea Tr. at 12.)

Turning to the case, the court inquired as to the extent of his discussions with his counsel about the case. The court inquired whether Mr. Faulkner had discussed the case with his counsel and was satisfied with counsel. (Plea Tr. at 12-13.) The court inquired if trial counsel had discussed what the government had to prove for him to be found guilty. (Plea Tr. at 14.) All questions were answered in the affirmative.

The court drew Mr. Faulkner's attention first to the written plea agreement, and second to the written statement of facts. (Plea Tr. at 14-15.) The court

inquired, as to each, if Mr. Faulkner read the statement, discussed it with his trial counsel, signed it, and whether he had any questions. (Plea Tr. at 15-17.) The court inquired whether the statement of facts was true, and whether Mr. Faulkner was pleading guilty because he was guilty and believed it was in his best interest to plead guilty. (Plea Tr. at 15-16.) Again, all questions were answered in the affirmative.

Turning to sentencing, the court addressed the maximum penalties that Mr. Faulkner was facing, correctly stating them. (Plea Tr. at 14.) The court noted that the plea agreement said that the government agreed not to recommend more than fifty (50) years' incarceration, but that the recommendation was not binding on the court, and the court could sentence him to more or less than the government's recommendation. (Plea Tr. at 17.) The court asked Mr. Faulkner whether there were any promises other than what was in the plea agreement. (Plea Tr. at 18.) Finally, the court inquired whether Mr. Faulkner understood that if he got a sentence longer than anticipated, he could not then change his plea to not guilty. (Plea Tr. at 18.)

The court made sure that Mr. Faulkner knew that the charge was a felony and that it affected his rights. In addition, the court noted that Mr. Faulkner would be deported to Canada at the end of any prison sentence. (Plea Tr. at 19.) The court explained the sentence, the mandatory minimum, and supervised release. (Plea Tr.

at 19-20.) It also explained the possible fines and special assessments. (Plea Tr. at 20-21.) The court discussed possible pending charges in Tennessee or elsewhere. (Plea Tr. at 21-22.) The court next explained the federal sentencing guidelines, that they were advisory, and that regardless of the guidelines there was a thirty (30) year mandatory minimum for the charge. (Plea Tr. at 22-23.) The court explained the factors that it looks at in addition to the guidelines when determining the sentence. (Plea Tr. at 25-26.) The court reminded Mr. Faulkner that he was giving up his rights to appeal the sentence as long as it is within the statutory limits. (Plea Tr. at 26.)

The court then reviewed with Mr. Faulkner *some of* the trial rights that he was giving up by pleading guilty: a twelve-person jury, proof beyond a reasonable doubt, the presumption of innocence, and protection against self-incrimination. (Plea Tr. at 27.) The court informed Mr. Faulkner that, if he went to trial, he would not have to produce any evidence or call any witnesses, that he would have the right to a lawyer, that he would have the right to subpoena witnesses, that he would have the right to see and hear the evidence against him, and that he would have a right to a twelve-person jury that would need to unanimously find him guilty. (Plea Tr. at 27-29.) The court did *not,* however, inform Mr. Faulkner that, should he proceed to trial, he would have the right to present evidence in his defense.

The court found that Mr. Faulkner was competent and making a knowing and voluntary plea supported by an independent factual basis containing each of the essential elements of the offense. (Plea Tr. at 31.) The court accepted Mr. Faulkner's guilty plea. (Plea Tr. at 31.)

Mr. Faulkner did not seek to withdraw his plea at any time in the district court, either before or after sentencing.

<u>The Presentence Report and the Sentencing Hearing</u>

The presentence report prepared by the probation office calculated Mr. Faulkner's final offense level as 43, by assigning a base level of 32, plus four because there is a minor under 12 years old, plus two because there was sexual contact involved, plus two because there was distribution of sexual images of minors, plus two because there was a computer involved, plus five for sexual conduct, and minus five for acceptance of responsibility. (Sentencing Tr. at 4.) The total of 44 was reduced to the statutory maximum of 43. The combination of the final offense level of 43 and the criminal history category of I yielded an advisory guideline of life imprisonment. (Sentencing Tr. at 4.)

When asked if there were any objections, defense counsel stated that they "have resolved them" without any further explanation. (Sentencing Tr. at 3.) The government did not have any objections. (Sentencing Tr. at 3.) The government presented two witnesses, both cousins of Mr. Faulkner, and the parents of a two-

year old daughter and eight-month old son whom Mr. Faulkner was accused of sexually violating.[2] (Sentencing Tr. at 6-17.) Per the plea agreement, the government requested fifty (50) years, a variance from the guideline of a life sentence, based on Mr. Faulkner's cooperation and acceptance of responsibility. The defense requested a sentence of thirty (30) years, arguing that Mr. Faulkner's conduct arose from a disease that was an addiction that he could not stop. (Sentencing Tr. at 19-20.)

The district court considered the factors set forth in 18 U.S.C. § 3553 and the Sentencing Reform Act of 1984, considered the advisory Federal Sentencing Guidelines, and sentenced Mr. Faulkner to life imprisonment. (Sentencing Tr. at 28.) The district court recommended that Mr. Faulkner be assigned to a correctional facility as near as possible to the border with Ontario Province, Canada. If he is released from prison, the district court imposed supervised release for a life term. The court did not impose a fine, but imposed a special assessment of $100. (Sentencing Tr. at 29.)

At the end of the sentencing hearing, the district court advised Mr. Faulkner that if he wanted to appeal, he needed to note the appeal within fourteen (14) days. (Sentencing Tr. at 30.) The court told him that he could get an appointed attorney for the appeal, and that if he could not reach his defense counsel he could simply

---

[2] This was uncharged conduct allegedly occurring in Texas.

send a letter to the clerk of the district court noting his appeal. (Sentencing Tr. at 30.) In addressing both Mr. Faulkner and counsel, the court made no reference at all to the appeal waiver in the plea agreement.

## SUMMARY OF ARGUMENT

Pursuant to *Anders,* counsel presents the following issues for this Court's review: whether Benjamin Faulkner knowingly and intelligently waived his right to appeal his conviction and sentence; whether the district court erred when it advised Mr. Faulkner that he could appeal during his sentencing hearing; and whether the sentence imposed was reasonable. *See Anders,* 386 U.S. 738. In order to enforce a waiver of appeal, this Court must find that the defendant knowingly and intelligently entered into the waiver, based on its review of all the facts and circumstances of the case. Here, the record does not clearly demonstrate that Mr. Faulkner knowingly and intelligently waived his right to appeal, as he was not advised of all the rights he was giving up, which is particularly important since Mr. Faulkner is not a U.S. citizen or resident. Moreover, Mr. Faulkner was confused as to the rights he was giving up since the district court told him at the end of the sentencing hearing that he could appeal and did not mention that he waived this right in the plea agreement. Therefore, Mr. Faulkner's plea was not valid.

## ARGUMENT

I.   MR. FAULKNER'S WAIVER OF APPEAL OF HIS SENTENCE IS
     NOT VALID

A. Standard of Review

This Court reviews *de novo* the validity of a defendant's waiver of appeal, as

it is a question of law. *United States v. Manigan,* 592 F.3d 621, 626 (4th Cir. 2010);

*United States v. General,* 278 F.3d 389, 399 (4th Cir. 2002); *United States v.*

*Brown,* 232 F.3d 399, 403 (4th Cir. 2000). In determining whether that waiver was

knowingly and intelligently made, the Court examines the particular facts and

circumstances of the case, including the defendant's background, and considers the

totality of circumstances. *United States v. Cohen,* 459 F.3d 490, 404 (4th Cir.

2006); *United States v. Broughton-Jones,* 71 F.3d 1143, 1146 (4th Cir. 1995).

B. Argument

This Court has long accepted that a defendant may, as part of an agreement

to plead guilty, waive the right to appeal his sentence. *United States v. Wiggins,*

905 F.2d 51, 53 (4th Cir. 1990). "Such a waiver, however, is effective only insofar

as it is the result of a knowing and intelligent decision to forego the right to

appeal." *United States v. Wessells,* 936 F.2d 165, 167 (4th Cir. 1991). Whether a

defendant's decision was knowing and intelligent depends "upon the particular

facts and circumstances surrounding [the] case, including the background,

experience, and conduct" of the defendant. *Johnson v. Zerbst,* 304 U.S. 458, 464

(1938), *quoted in United States v. Davis,* 954 F.2d 182, 186 (4th Cir. 1992); *see also United States v. Blick,* 408 F.3d 162, 169 (4th Cir. 2005); *United States v. General,* 278 F.3d 389, 400 (4th Cir.), *cert. denied,* 536 U.S. 950 (2002); *United States v. Boughton-Jones,* 71 F.3d 1143, 1146 (4th Cir. 1995).

This Court should find Mr. Faulkner's waiver of his appeal rights invalid because the court did not advise him of all the rights he was giving up. In particular, the court failed to advise Mr. Faulkner that, should he proceed to trial, he would have the right to present evidence on his behalf. This is particularly important in this case, where Mr. Faulkner was not a U.S. citizen, has never lived in the United States, and was only visiting the United States for approximately a day when he was arrested. Although the court informed Mr. Faulkner that if he went to trial he "would have the right to subpoena witnesses," the court completely failed to explain that he would have the right to present all evidence that had on his behalf. (Plea Tr. at 28.) There was no mention of any other evidence or the right to present an entire defense case. (Plea Tr. at 27-29.) Indeed, the court spent much more time telling Mr. Faulkner that he would not have to put on a defense case than explaining his right to present evidence. (Plea Tr. at 27-29.) The court spent the most time explaining to Mr. Faulkner that he could put on evidence to contradict the government's case, thereby suggesting to Mr. Faulkner that the

government's evidence was far greater than his own, and subtly pushing Mr. Faulkner to plea. (Plea Tr. at 28.)

Moreover, the Court should find Mr. Faulkner's waiver of his appeal rights invalid because the court did not inquire whether he was under the influence of any drugs or alcohol. (Plea Tr. at 8-10.) This is particularly important here, where Mr. Faulkner testified that he had recently attempted suicide, and that the doctors first thought he had suffered brain damage. (Plea Tr. at 9.) Indeed, his suicide attempt was made the previous month, and he was admitted to the hospital for some (unidentified) period of time following the attempt. (Plea Tr. at 8.) Under these circumstances, the complete absence of any questioning to determine whether he was under the influence of drugs constituted a failure on the part of the court to determine whether Mr. Faulkner was able to enter into a knowing and intelligent waiver of his rights. Given this failure, it is not possible to ascertain that Mr. Faulkner's waiver was knowing and intelligent.

## II.    MR. FAULKNER MISUNDSTOOD THE WAIVER IN LIGHT OF THE DISTRICT COURT'S STATEMENTS.

### A. Standard of Review

Because Mr. Faulkner did not seek to withdraw his plea, this Court reviews the district court's handing of the plea for plain error. *United States v. Vonn,* 535 U.S. 55, 59-60 (2002); *United States v. Martinez,* 277 F.3d 517, 524 (4th Cir 2002).

Accordingly, Mr. Faulkner must demonstrate that the district court committed error that was plain and that affected his substantial rights. *United States v. Olano,* 507 U.S. 725, 732 (1993). This Court may exercise its discretion to correct the errors if it finds that they "seriously affect[ ] the fairness, integrity, or public reputation of judicial proceedings." *Id.*

B. Argument

In this case, Mr. Faulkner may not have understood the import of the appeal waiver in light of the district court's statements at his sentencing hearing. After sentencing Mr. Faulkner to life imprisonment, the district court directly addressed Mr. Faulkner, telling him:

> Sir, you have 14 days to appeal this sentence to the U.S. Court of Appeals for the Fourth Circuit. If you want to do that, file a notice of appeal with the clerk of this court. You don't have to pay a fee to do that. If you are unable to hire a lawyer, they will appoint a lawyer for your appeal. And if you can't get hold of [trial counsel] to do that for you, simply end a letter to the Clerk, U.S. District Court, not the Court of Appeals, but here in the District Court, and that will get it rolling for you.

(Sentencing Tr. at 30.) At no point in addressing Mr. Faulkner or his counsel did the district court remind him that he had waived his right to appeal or otherwise mention the appeal waiver. Further, rather than making sure that the court was aware of the appeal waiver or itself reminding Mr. Faulkner about it, the government stood silent.

Because the record does not establish convincingly that Mr. Faulkner fully understood the waiver of appeal, and thus did not knowingly and intelligently agree to it – indeed, based on the district court's final statement to him, may well have believed that it was possible for him to appeal – this Court should find the waiver of appeal unenforceable.

### III.    THE SENTENCE IMPOSED UPON BENJAMIN FAULKNER WAS UNREASONABLE

#### A. <u>Standard of Review</u>

This Court reviews a sentence imposed upon a criminal defendant for "reasonableness." *See United States v. Booker,* 543 U.S. 220, 261-62 (2005); *United States v. Johnson,* 445 F.3d 339, 341 (4th Cir. 2006). The Court will review for both procedural and substantive correctness. *United States v. Montes-Pineda,* 445 F.3d 375, 378 (4th Cir. 2006); *United States v. Hughes,* 401 F.3d 540, 556 n.14 (4th Cir. 2005).

#### B. <u>Argument</u>

The sentence was procedurally reasonable, in that the district court substantially complied with Rule 32 of the Federal Rules of Criminal Procedure. The court verified that Mr. Faulkner had discussed the presentence report with counsel and allowed the parties to comment on the probation officer's determinations. *See* Fed. R. Crim. P. 32(i)(1)(A), (C). The court did not make any determinations with regard to the correctness of the presentence report since its

contents were not disputed. *See id.* at 32(i)(3). The district court provided Mr. Faulkner and counsel for each side with an opportunity to dispute the report, which no one did. *See id.* 32(i)(4)(A).

The sentence was also procedurally reasonable in that the court substantially complied with the requirements of 18 U.S.C. § 3553(a) and (c). The district court's statement regarding what it considered to determine the sentence was sufficient. *See Montes-Pineda,* 445 F.3d at 380-81; *Johnson,* 445 F.3d at 345. The court's statements demonstrate that the court considered the nature and circumstances of the offense, the purposes of sentencing, and the need to avoid unwarranted disparity among defendants with similar records found guilty of similar conduct.

However, substantively, the life sentence handed down in this case was excessive. Section 3553(a) requires a sentencing court to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in § 3553(a)(2). In this case, the life sentence impose was far greater than necessary to accomplish those purposes. This was Mr. Faulkner's first conviction of any kind. He was convicted of only one count. He was only twenty-six years old at the time of sentencing. (Plea Tr. at 5.) He took responsibility for his actions, waived his right to be indicted, and pled guilty to the information as charged. The defense stressed that Mr. Faulkner's crime arose from a disease that he has been battling his entire life, and that he needs treatment in addition to

incarceration. (Plea Tr. at 19-20.) Importantly, even the government seemed to think that a life sentence was unnecessary, and capped its request for a fifty-year sentence. If he had received the fifty-year sentence requested by the government, he would likely be in his seventies by the time he is released, and unlikely to be able to repeat his crime of sexual assault on a child. Accordingly, the sentence imposed was unreasonable and should be vacated.

## CONCLUSION

Counsel presents this brief to the Court after conscientiously examining the record of the case and determining that there is no meritorious ground for appeal. Under the directive of *Anders*, counsel invites the Court to review *de novo* the entire record and all pertinent documents in this case to determine whether there is any other issue that is not frivolous. Counsel stands ready to brief and argue any issue so identified by the Court.

Respectfully submitted,

LAW OFFICE OF DONNA L. BIDERMAN, PLLC

/s/Donna L. Biderman
DONNA L. BIDERMAN
4015 Chain Bridge Road, Suite 32
Fairfax, Virginia 22030
(703) 966-5434 telephone
(888) 450-8569 fax
dbiderman@bidermanlaw.com
*Attorney for Appellant Benjamin Faulkner*
*Appointed by the Court*

Dated: January 22, 2018

## STATEMENT REGARDING ORAL ARGUMENT

Counsel for appellant believes that the issues in this case are straightforward, but would like the opportunity to present oral argument if the Court determines that argument would be helpful to it in deciding the case.

## CERTIFICATE OF COMPLIANCE

1. This Motion has been prepared using Word software, Times New Roman font, 14-point proportional type size.

2. The body of this motion, exclusive of the case caption, title, table of authorities, statement with respect to oral argument, and signature block, contains no more than 14,000 words, specifically 4,292 words.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.


January 22, 2018                    /s/Donna L. Biderman
Date                                Donna L. Biderman, Esq.

## **CERTIFICATE OF SERVICE**

I hereby certify on January 22, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Jessica D. Aber
Assistant U.S. Attorney, E.D. Va.
Jessica.D.Aber@usdoj.gov

Lauren E. Britsch
Attorney, U.S. Department of Justice
Lauren.Britsch@usdoj.gov

I also certify that I have served a copy of this brief to the appellant, via First Class US Postal Service:

Benjamin Faulkner
Crittenden County Detention Center
208 Carlisle St, Marion, KY 42064

/s/Donna L. Biderman
Donna L. Biderman, Esq.